M. ELIZABETH DAY (SBN 177125)
eday@feinday.com
DAVID ALBERTI (SBN 229505)
dalberti@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
FEINBERG DAY ALBERTI LIM &
BELLOLI LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Tel: 650.618.4360
Fax: 650.618.4368

Hao Ni (pro hac vice)
hni@nilawfirm.com
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
Telephone: (972) 331-4600
Facsimile: (972) 314-0900

*Attorneys for Plaintiff
PC Coma LLC*

Vinay V. Joshi (Calif. Bar No. 213487)
vjoshi@thepatentattorneys.com
Anthony S. Kim (Calif. Bar No. 225703)
akim@thepatentattorneys.com
Amin Turocy & Watson LLP
160 West Santa Clara Street
Suite 975
San Jose CA 95113
Telephone: (650) 618-6481
Facsimile: (216) 696-8731

Attorneys for Defendant
ASUS Computer International

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| PC Coma LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ASUS Computer International,<br><br>　　　　　Defendant. | Case No. 4:19-cv-988-PJH<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the Court's Standing Order for Patent Cases, and the Court's notices and orders setting and rescheduling the Case Management Conference (Dkt. No. 16), the parties to the above-titled action, Plaintiff PC Coma LLC ("PC Coma") and Defendant ASUS Computer International ("Asus") hereby submit this Joint Case Management Statement and Proposed Order.

**1.     Jurisdiction and Service**

This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because the action arises under the U.S. Patent Act, 35 U.S.C. § 100 et seq.

No issues presently exist regarding personal jurisdiction or venue.

All parties have been served and no other party remains to be served..

**2.     Facts**

On February 22, 2019, PC Coma filed a Complaint initiating this action against ASUS in this District alleging infringement of U.S. Patent No. 6,972,950 ('950 Patent). (Dkt. No. 1). PC Coma alleges in the Complaint that Asus's laptop cooling systems included in the ZenBook Ux303U infringes claims 1, 8, 15, 16, and 17 of the '950 Patent. *Id*.

The principal facts in dispute include at least the following:

a.     Whether Asus has committed any acts of infringement;

b.     Whether the asserted claims of the '950 Patent are invalid;

c.     The amount of damages, if any, arising from Asus's alleged infringement; and

d.     Compliance with the marking provisions of 35 U.S.C. section 287 for purposes of entitlement to pre-filing damages.

**3.     Legal Issues**

**Plaintiff's Statement:**

Plaintiff anticipates that the primary legal issues will be infringement of the Asserted Patents, validity of the Asserted Patents; and damages.

**Defendant's Statement:**

The principal disputed legal issues include at least the following:

a.   The construction of the asserted claims of the '950 Patent;

b.   The interpretation of license agreements relating to the '950 Patent; and

c.   To the extent it constitutes a question of law, whether the asserted claims of the '950 Patent are invalid.

These issues are not intended to be final or exhaustive, and are intended to highlight the overarching issues in this action. The parties reserve the right to raise additional factual or legal issues that may arise through the course of this action.

**4.   Motions**

**a.   Prior Motions**

No prior motions have been decided in this matter.

**b.   Pending Motions**

No pending motions have been filed in this matter.

**c.   Anticipated Motions**

The parties anticipate moving for summary judgment and may file other dispositive and non-dispositive motions as appropriate as the case progresses.

**5.   Amendment of Pleadings, Addition of Parties**

The parties agree that they may amend the pleadings before December 19, 2019, without leave of the Court. But after that date, any amendments must be by a Court-granted stipulation or a Court-granted motion showing good cause.

**6.   Evidence Preservation**

The parties have reviewed the Northern District of California's Guidelines for Discovery of Electronically Stored Information ("ESI") and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation. Additionally,

- 2 -   JOINT CASE MANAGEMENT STATEMENT
4:19-CV-988-PJH

the parties have met and conferred at their Rule 26(f) conference regarding evidence preservation. Each party has implemented a litigation hold with respect documents identified as relevant to this action.

### 7. Initial Disclosures

The parties have agreed to serve Rule 26(a)(1) initial disclosures within 14 days after the initial joint case management conference in this action.

### 8. Discovery

No formal discovery has taken place as of this date. The Parties anticipate entering a stipulated e-discovery order and discovery plan pursuant to Fed. R. Civ. P. 26(f).

Ongoing and future discovery will include discovery relating to: the Patents-in-Suit; the alleged conception and reduction to practice of the claimed invention of the Patents-in-Suit; the prosecution of the Patents-in-Suit; prior art to the Patents-in-Suit; the state of the art at the time of the invention claimed in the Patents-in-Suit; licensing of the Patents-in-Suit; and the design, development, operation, marketing, sales, and support of the accused ASUS products.

#### a. Protective Order

The parties agree that a protective order will be necessary in this case in light of the sensitive and proprietary information that will be exchanged during discovery. The parties intend to submit a joint stipulated protective order within 14 days after the initial joint case management conference in this action.

#### b. Limits to Discovery Requests and Depositions

As there are multiple actions relating to the '950 Patent pending before the Court (collectively, "NDCA Actions"), involving common issues of claim construction, infringement, invalidity, and other areas of dispute, the parties agree to coordinate with the defendants with the other NDCA Actions with respect to other discovery limits, *e.g.*, limits on the number of discovery requests.

The parties propose the following discovery limits:

<u>Requests for Admission</u>: Each party may propound any number of desired requests

1  directed to the authenticity, publication date or public use, or availability to the public (e.g., in
2  a library) of information and things asserted to be prior art.

3         Requests for Production:  The parties agree to coordinate with the defendants with the
4  other NDCA Actions with respect to limits on the number of requests for production.  Document
5  requests do not include Email Requests and neither side shall be required to produce emails in
6  response to a request for production of documents.

7         Interrogatories:   The parties agree to coordinate with the defendants with the other
8  NDCA Actions with respect to limits on the number of interrogatories.

9         Fact Depositions:  The parties agree to coordinate with the defendants with the other
10 NDCA Actions with respect to limits relating to fact depositions.

11        Expert Depositions:  The parties agree to coordinate with the defendants with the other
12 NDCA Actions with respect to limits relating to fact depositions.

13        Beyond the above limitations, the parties will follow the discovery limitations provided
14 by the Federal Rules of Civil Procedure and the Northern District of California Local Rules.

15        **c.**    **Email Discovery**

16        The parties have agreed that emails will not have to be searched or produced.  The parties
17 have agreed that any electronic searching of non-email documents will be conducted pursuant
18 to a joint stipulated e-discovery order, which the parties intend to submit within 14 days after
19 the initial joint case management conference in this action.

20        The parties have discussed and will continue to discuss the scope and nature of discovery
21 in this case.

22        **d.**    **Electronically Stored Information (ESI)**

23        The parties agree that documents shall be produced as full-text searchable single-page
24 TIFF format images with unitizing load files or as PDFs, and that reasonable efforts will be
25 made to suppress duplicates.  The parties agree that all documents will be exchanged on discs,
26 by email, or other digital storage medium (including but not limited to "zip" files and FTP
27 transfer).  To the extent either party believes, on a case-by-case basis, that documents should
28

be produced in an alternative format, the parties have agreed that they will meet and confer in good faith concerning such alternative production arrangements.

The parties intend to submit a joint stipulated protective order within 14 days after the initial joint case management conference in this action.

### e. Electronic Service

The parties agree to accept service by email to counsel on each side who have entered an appearance in this action. Service by email will be treated as service by hand delivery. The parties agree that service by email by 11:59 pm Pacific time on a given day will be treated as service by personal delivery that day.

The parties further agree that documents filed publicly through the Court's ECF system need not be separately served by email or otherwise, and that ECF filing constitutes personal service as of the date and time such document was filed. The parties agree that documents filed under seal or manually must be served by email or other electronic means including FTP transfer within a reasonable time following a related ECF filing, and that the email service of such documents shall relate back to the time of the related ECF filing.

### f. Privilege Logs

The parties agree with respect to privileged communications and documents that (1) communications after the filing of the Complaint do not need to be identified or logged on a privilege log; (2) documents authored by counsel acting solely as trial counsel after the filing of the Complaint do not need to be identified or logged; (3) communications between the parties and their counsel related to any post-grant proceedings challenging the validity of any asserted patent in the United States Patent and Trademark Office do not need to be identified or logged; (4) communications protected by any joint defense privilege or common interest privilege do not need to be identified or logged; and (5) the foregoing agreements notwithstanding, nothing herein shall relieve, diminish or modify the obligations imposed by Patent Local Rule 3-7.

### g. Expert Discovery

The parties agree that the protections provided in FRCP 26(b)(4)(B) and (C) will apply

equally to expert declarations as they do to expert reports, including both drafts of declarations and communications related to declarations. Pursuant to FRCP 26(b)(4), draft expert reports, notes, outlines, and any other writings leading up to an expert's final report(s) are exempt from discovery. In addition, all communications with and all materials generated by an expert with respect to his or her work on this action are exempt from discovery unless relied upon by the expert in forming his or her opinions. If an expert produces a report, the expert must produce his or her final report and all materials on which he or she relied.

**9. Class Actions**

Not applicable here.

**10. Related Cases**

The following district court cases are related to this action:

- *PC Coma LLC v. Lenovo (United States), Inc.*, 4:19-cv-991-PJH (N.D. Cal.), involving the '950 Patent, also pending before this Court.
- *PC Coma LLC v. Acer America Corporation,* 4:19-cv-986-PJH (N.D. Cal.) ("Acer Action"), involving the '950 Patent, also pending before this Court.
- *PC Coma LLC v. HP Inc.*, 4:19-cv-989-PJH (N.D. Cal.) ("HP Action"), involving the '950 Patent, also pending before this Court.
- *PC Coma LLC v. Fujitsu Limited et al.*, 2:19-cv-33-JRG-RSP (E.D. Tex.), involving the '950 Patent.
- *PC Coma LLC v. Panasonic Corporation of North America*, 2:19-cv-34-JRG-RSP (E.D. Tex.), involving the '950 Patent.

**11. Relief**

Plaintiff's Statement of Relief Sought:

Plaintiff seeks the relief request in its prayers for relief in its Complaint. In addition, Plaintiff states that Title 35 of the United States Code, section 284 provides: "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for use made of the invention by

the infringer, together with interest and costs as fixed by the court." Plaintiff intends to seek damages of at least a reasonable royalty pursuant to 35 U.S.C. § 154(d), adequate to compensate Plaintiff for Defendant's infringement. Plaintiff intends to seek pre-judgment and post-judgment interest and costs as fixed by the Court.

The reasonable royalty analysis that Plaintiff intends to pursue is governed by *Georgia Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), modified sub nom., *Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971 and cases developing therefrom). Such a computation of damages that Plaintiff intends to seek depends on a number of factors which are subject to ongoing fact and expert discovery.

Because a computation of damages depends on a number of factors which are subject to ongoing fact and expert discovery, the complete computation cannot be provided at this time.

Defendant's Statement of Relief Sought:

Asus seeks the following relief:

a. Judgment declaring that Asus does not and has not directly infringed, actively induced others to infringe, or contributorily infringed any valid claim of the '950 Patent, either literally or under the doctrine of equivalents;

b. Judgment declaring that the asserted claims of the '950 Patent are invalid;

c. Judgment denying PC Coma's request for damages, prejudgment interest, or any other relief;

d. Judgment that PC Coma take nothing by this action; and

e. Judgment and order awarding the costs of suit, attorneys' fees, and other relief this Court deems appropriate.

**12. Settlement and ADR**

The parties have engaged in preliminary settlement discussions but did not reach agreement.

The parties have complied with ADR L.R. 3-5 and filed certifications pursuant to ADR L.R. 3-5(b) and have filed a Stipulation and Order Selecting Early Settlement Conference with

a Magistrate Judge. Dkt. Nos. 25 and 27.

### 13. Consent to a Magistrate Judge for All Purposes

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### 14. Other References

The parties agree that at this time this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

Plaintiff's Statement

Plaintiff is not aware of any issues that can be narrowed by agreement or by motion. Plaintiff does not have any requests to bifurcate issues, claims, or defenses.

Defendant's Statement

Asus is not aware of any issues that can be narrowed by agreement or by motion. Asus does not have any requests to bifurcate issues, claims, or defenses.

### 16. Expedited Trial Procedure

The parties do not propose that this case proceed under the Expedited Trial Procedure of General Order 64.

### 17. Scheduling

PC Coma's proposed case schedule is provided in the table below.

| Scheduled Event | Parties' Agreed Proposal |
|---|---|
| Rule 26(a)(1) Initial Disclosures | June 27, 2019 |
| Disclosure of Asserted Claims and Infringement Contentions by Plaintiff (Patent L.R. 3-1 & 3-2) | June 27, 2019 |
| Invalidity Contentions by Defendant (Patent L.R. 3-3 and 3-4) | August 12, 2019 |
| Last Day to Amend Pleadings | December 19, 2019 |
| Damages Contentions by Plaintiff (Patent L.R. 3-8) | October 1, 2019 |
| Exchange of Proposed Terms for Claim Construction (Patent L.R. 4-1) | August 26, 2019 |
| Exchange of Preliminary Constructions and Extrinsic Evidence (Patent L.R. 4-2) | September 16, 2019 |
| Responsive Damages Contentions by Defendant (Patent L.R. 3-9) | October 31, 2019 |
| Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) | October 11, 2019 |
| Completion of Claim Construction Discovery (Patent L.R. 4-4) | November 12, 2019 |
| Opening Claim Construction Brief by Plaintiff (Patent L.R. 4-5(a)) | December 27, 2019 |
| Responsive Claim Construction Brief by Defendant (Patent L.R. 4-5(b)) | January 10, 2020 |
| Reply Claim Construction Brief by Plaintiff (Patent L.R. 4-5(c)) | January 17, 2020 |
| Technology Tutorial | January 24, 2020 or at the Court's convenience |
| Claim Construction Hearing | January 31, 2020 or at the Court's convenience |

Asus proposes that the parties submit a proposed case schedule to the Court within 14 days of the initial case management conference in this action. First, four NDCA Actions, each involving the same '950 Patent and involving common issues of claim construction, infringement, invalidity, and other areas of dispute, are pending before the Court. The Court

1  has scheduled the initial case management conference in all four actions for the same day,
2  June 13, 2019.  *See* Dkt. No. 16; Acer Action Dkt. No. 13; HP Action Dkt. No. 13; Lenovo
3  Action Dkt. No. 17.  In view of the issues common across all NDCA Actions, the NDCA
4  Actions should be subject to similar case schedules.
5      Second, Asus notes that Lenovo (United States) Inc. has filed a motion to dismiss the
6  Lenovo Action, currently set for hearing on June 19, 2019.  Unless the Lenovo Action is
7  dismissed in its entirety, the Lenovo Action will potentially be subject to a separate case
8  schedule from the other NDCA Actions.

9  **18.    Trial**

10     The Parties anticipate that the length of trial will require 5 court days, depending on the
11 number of patents, claims, and products at issue, and exclusive of voir dire, argument, motions,
12 and other presentations outside the presence of the jury.  This estimate may be affected by
13 information learned in discovery.  PC Coma has requested trial by jury.

14 **19.    Disclosure of Non-party Interested Entities or Persons**

15     The parties have filed their Certifications of Interested Entities or Persons.  D.I. 2, 24.
16     PC Coma LLC does not have a parent company and no publicly traded company holds
17 more than 10% of PC Coma LLC
18     Asus is a wholly-owned subsidiary of ASUSTeK Computer, Inc.

19 **20.    Professional Conduct**

20     All attorneys of record for the parties have reviewed the Guidelines for Professional
21 Conduct for the Northern District of California.

22 **21.    Other Matters**

23     Pursuant to Patent Local Rule 2-1, the parties have also met and conferred regarding the
24 following additional matters:

25     **a.    Proposed modification of the obligations or deadlines set forth in**
26          **the Patent Local Rules**

27     The parties have set forth their positions concerning the obligations or deadlines set
28

forth in the Patent Local Rules.

      **b.**    **The Scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the court**

At this time, the parties do not anticipate a need to limit the scope of claim construction discovery other than as discussed in this document. The parties anticipate that the time specified in the Court's standing order (90 minutes per side) will be sufficient.

      **c.**    **Claim Construction Hearing & Technology Tutorial**

The parties may present live testimony at the claim construction hearing or technology tutorial. If the parties ultimately decide to present live testimony, they will seek the Court's approval to present such live testimony.

      **d.**    **Educating the Court on the Technology at Issue**

The parties agree that a tutorial would be appropriate for educating the Court about the technology at issue in this case and will follow the Court's Standing Order for Patent Cases.

**Filer's Attestation:** Pursuant to Civil L.R. 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from each of its signatories.

Dated:  June 6, 2019

By: __/s/ Hao Ni_____
Hao Ni

M. ELIZABETH DAY (SBN 177125)
eday@feinday.com
DAVID ALBERTI (SBN 229505)
dalberti@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
FEINBERG DAY ALBERTI LIM &
BELLOLI LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Tel: 650.618.4360
Fax: 650.618.4368

Hao Ni (pro hac vice)
*hni@nilawfirm.com*
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
Telephone: (972) 331-4600
Facsimile: (972) 314-0900

Attorneys for Plaintiff
PC COMA LLC

Dated:  June 6, 2019

By:  _/s/ Vinay V. Joshi____
Vinay V. Joshi
vjoshi@thepatentattorneys.com
Anthony S. Kim
akim@thepatentattorneys.com
Amin Turocy & Watson LLP
160 West Santa Clara Street
Suite 975
San Jose CA 95113
Telephone: (650) 618-6481
Facsimile: (216) 696-8731

***Attorneys for Defendant***
***Asus Computer International***

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is Approved as the Case Management Order for this case and all parties shall comply with its Provisions.

IT IS SO ORDERED.

_____

Dated: _____    _____

United States District Judge
Phyllis J. Hamilton